UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>human</u>

   v.         Case No. 13-cv-296-SM
               Opinion No. 2014 DNH 006
<u>Anthony F. Colarusso, Jr.,</u>
<u>and Thomas P. Velardi</u>

## O R D E R

  Plaintiff, named "human," has filed a complaint in forma pauperis, pursuant to 42 U.S.C. § 1983 and state law, alleging that Dover Police Department ("DPD") Chief Anthony Colarusso, Jr., and Strafford County Attorney Thomas P. Velardi, are liable in their official capacities for violations of plaintiff's federal and state constitutional rights.  The matter is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### Background

  Plaintiff asserts that he has engaged in lawful public protests against the DPD on public sidewalks in downtown Dover, New Hampshire, and that DPD officers have harassed and intimidated him because of his speech and protests.  Plaintiff further asserts that DPD officers arrested him and falsely charged him with disorderly conduct, and that a jury acquitted him of that charge on June 30, 2010.

In this lawsuit, plaintiff asserts the following claims for damages and declaratory relief:

1.  DPD officers, at the direction of Chief Colarusso, violated plaintiff's First Amendment rights, by (a) harassing and intimidating plaintiff, (b) falsely arresting plaintiff, and (c) prosecuting plaintiff on a false charge of disorderly conduct, in retaliation for his exercise of his First Amendment rights to free speech, peaceful assembly, and to petition the government for the redress of grievances.

2.  DPD officers, at the direction of Chief Colarusso, (a) falsely arrested plaintiff, and (b) maliciously prosecuted plaintiff, without probable cause, in violation of plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

3.  The Office of the Strafford County Attorney violated plaintiff's federal constitutional rights, by prosecuting plaintiff on a trumped-up charge of disorderly conduct, maliciously, and in retaliation for his exercise of First Amendment rights.

4.  Defendants violated plaintiff's rights under the Tenth Amendment.

5.  Defendants violated Part I, Articles 19, 22, and 32 of the New Hampshire Constitution.

## Discussion

I.   <u>Standard</u>

In determining whether a pro se complaint states a claim, the court construes the complaint liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as

true, state a facially plausible claim to relief.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013)

(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

II.  Police Retaliation (Claim 1)

Plaintiff alleges that DPD officers arrested and prosecuted

him on a trumped-up charge, with a wilful, retaliatory animus,

because he had engaged in a lawful protest against the DPD.

Plaintiff has stated a plausible First Amendment retaliation

claim.  See generally Hannon v. Beard, 645 F.3d 45, 48 (1st Cir.

2011) (elements); see also Hartman v. Moore, 547 U.S. 250, 265-66

(2006) (retaliatory prosecution claim requires proof of no

probable cause); cf. Reichle v. Howards, 132 S. Ct. 2088, 2095

(2012) (discussing retaliatory arrests and prosecutions).

Moreover, plaintiff has alleged that DPD officers, on

numerous specific dates, attended his protests, viewed and

photographed his displays, parked cruisers near his home, and

stopped horses near his protests, all for the purpose of

threatening and intimidating plaintiff.  At this stage of the

case, the court cannot characterize such repeated displays of

police power, taken together, as merely de minimis acts,

incapable of deterring a citizen of ordinary firmness from

engaging in First Amendment activities.  Accordingly, a claim

based on all of those allegations of retaliation may proceed.

3

Plaintiff has named only Chief Colarusso as a defendant to Claim 1, above.  To establish supervisory liability, plaintiff must show supervisory encouragement, condonation, or "'gross negligence . . . amounting to deliberate indifference'" to his federal rights.  Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (citation omitted).  Similarly, to state an official capacity claim against a police chief, for the purpose of holding the municipality liable, the plaintiff "bears the burden of showing that, through its deliberate conduct, the municipality was the moving force" behind the constitutional violation.  Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (emphasis in original) (citations and internal quotation marks omitted).  Plaintiff has alleged sufficient facts to warrant service of an official capacity claim against Chief Colarusso, with respect to the allegations of police harassment and intimidation, retaliatory arrest, and retaliatory prosecution.

III.  Fourth Amendment (Claim 2)

A Fourth Amendment claim may be based on allegations of a false arrest without probable cause, see Wallace v. Kato, 549 U.S. 384, 386 (2007).  Moreover, a defendant who causes a person to be seized pursuant to legal process without probable cause may be found liable for a Fourth Amendment malicious prosecution

4

claim if the legal proceedings have terminated in the person's favor.  See Hernandez-Cuevas, 723 F.3d at 101.  The facts alleged by plaintiff with respect to the alleged false arrest and prosecution are sufficient to warrant service of Claim 2, above, against Chief Colarusso in his official capacity.  See Grajales, 682 F.3d at 47; see also Haley, 657 F.3d at 51.


IV.   Prosecutorial Immunity (Claim 3)

     Plaintiff claims that, at the direction of Strafford County Attorney Thomas Velardi, the Strafford County Attorney's Office prosecuted him maliciously, and in retaliation for his exercise of free speech, in violation of his federal and state constitutional rights.  Such claims are barred by the prosecutor's absolute immunity from claims challenging actions intimately associated with the judicial phase of the criminal process.  See Imbler v. Pachtman, 424 U.S. 409, 438 (1976); Belcher v. Paine, 136 N.H. 137, 147, 612 A.2d 1318, 1325 (1992).


V.    Tenth Amendment (Claim 4)

     The nature of plaintiff's Tenth Amendment claim is unclear, as there is no issue in this case regarding the allocation of power between the federal and state governments.  The complaint thus fails to state a plausible claim for relief for a Tenth Amendment violation.

VI.   <u>State Constitutional Claims (Claim 5)</u>

Plaintiff has alleged violations of his rights under the New Hampshire Constitution.  As the law of New Hampshire currently exists, there is no cause of action to remedy the alleged state constitutional violations.  <u>Bleish v. Moriarty</u>, No. 11-cv-162-LM, 2011 WL 6141271, at *2 (D.N.H. Dec. 9, 2011).  Moreover, no federal claim can arise under 42 U.S.C. § 1983 based on such alleged violations of state law.  <u>See</u> <u>Holder v. Town of Newton</u>, No. 09-cv-341-JD, 2010 WL 3211068, at *2 (D.N.H. Aug. 11, 2010).  Accordingly, Claim 5 above fails to state a claim upon which relief can be granted in this case.

### Conclusion

Plaintiff is granted fourteen days from the date of this order to show cause why Claims 3-5, identified above, should not be dismissed for reasons set forth above.  The remaining, official-capacity federal claims (Claims 1 and 2 above), asserting false arrest, police retaliation, and retaliatory and malicious prosecution, may proceed against DPD Chief Anthony Colarusso in his official capacity.

The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summons prepared by plaintiff for DPD Chief Anthony Colarusso, Jr.; the complaint (document no. 1); and this order.

Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve Chief Colarusso, <u>see</u> Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendant is instructed to answer or otherwise plead within twenty-one days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendant by delivering or mailing the materials to him or his attorneys, pursuant to Fed. R. Civ. P. 5(b).


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 16, 2014

cc:  human, pro se

7